# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEFFREY A. BROWN,

    Petitioner,

Case No. 3:07-cv-022

  -vs-

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

ERNIE L. MOORE, Warden,

    Respondent.

## REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. §2254 for a writ of habeas corpus. Petitioner was convicted in the Clark County Common Pleas Court of kidnaping, rape and robbery with respect to one victim and abduction of another victim in a separate incident and sentenced to thirty-three years confinement (Petition, Doc. No. 1, at ¶¶ 5,3). He pleads the following grounds for relief:

> **Ground One:** Ineffective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments.
>
> **Supporting Facts:** Appellate counsel rendered ineffective assistance of counsel on direct appeal by not raising trial counsel's ineffectiveness in admitting petitioner's guilt at trial, not objecting to prosecutorial misconduct, state's failure to give notice of victim impact statement prior to sentencing; failed to object to confrontation and cross-examination issue of reading victim witness' testimony into record.
>
> **Ground Two**: Sentence void under Sixth and Fourteenth Amendment.
>
> **Supporting Facts**: State sentencing court made and used judicial factfindings that enhanced the Petitioner's maximum-minimum

> sentence without intervention of jury and without prosecution proving elements beyond a reasonable doubt, contrary to *McMillan v. Pennsylvania*, 106 S. Ct. 2411 (1986);*Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 2355, 147 L.Ed.2d 435 (2000)*; Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004).

(Petition, Doc. No. 1, at 6-7.)

## Procedural History

Petitioner was indicted by the Clark County Grand Jury on one count each of kidnaping, rape, robbery, and abduction (Indictment, Ex. 1 to Return of Writ, Doc. No. 5). After trial, a jury returned guilty verdicts on all counts and Petitioner was sentenced two consecutive imprisonment terms totaling 33 years. *Id*., Ex. 4. Petitioner was then permitted to file a delayed direct appeal to the Ohio Court of Appeals, represented by different counsel than the attorney who tried the case. The conviction was affirmed; the assignments of error raised are not relevant to the instant Petition. Petitioner timely sought Ohio Supreme Court review which was denied.

On April 4, 2006, Mr. Brown filed a *pro se* application under Ohio App. R. 26(B) to re-open his appeal, asserting his appellate counsel had rendered ineffective assistance by failing to argue the following assignments of error:

> **ASSIGNMENT OF ERROR NO. 1:** APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO CONFORM WITH THE DOCTRIN (sic) OF COMITY AND PRESERVE THE APPELLANT'S CONSTITUTIONALLY PROTECTED RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, WHERE IT IS APPARENT FROM THE RECORD THAT TRIAL COUNSEL FAILED HIS CLIENT BY ADMITTING IN OPEN COURT THAT HIS CLIENT WAS GUILTY.
> **ASSIGNMENT OF ERROR NO. 2:** APPELLATE COUNSEL WAS INADEQUATE FOR FAILURE TO RAISE THE ISSUE OF

-2-

>PROSECUTORIAL MISCONDUCT REGARDING IMPROPER REMARKS DURING OPENING AND CLOSING ARGUMENT, REMARKS THAT WERE SO INFLAMMATORY THAT THE APPELLANT WAS DENIED THE RIGHT TO A FAIR TRIAL IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ARTICLE ONE §§ 10 AND 16 TO THE OHIO CONSTITUTION.
>
>**ASSIGNMENT OF ERROR NO. 3:** THE TRIAL COURT ERRED IN CONSIDERING THE VICTIMS (sic) IMPACT STATEMENT READ BY THE VICTIM WITHOUT FIRST DISCLOSING A COPY OF THE STATEMENT TO THE DEFENDANT, DENYING APPELLANT THE RIGHT TO CHALLENGE THE CONTENTS AT SENTENCING, VIOLATIVE TO HIS RIGHT TO THE DUE PROCESS OF LAW AS GUARANTEED UNDER BOTH THE U.S. AND THE OHIO CONSTITUTIONS.
>
>**ASSIGNMENT OF ERROR NO. 4:** APPELLANT RECEIVED INADEQUATE ASSISTANCE OF TRIAL COUNSEL FOR FAILING TO RAISE AS A CONSTITUTIONAL ISSUE APPELLANT (sic) RIGHT TO CONFRONT HIS ACCUSER IN OPEN COURT IN VIOLATION OF THE APPELLANT (sic) TO DUE PROCESS OF LAW AS GUARANTEED TO HIM PURSUANT TO THE 4TH, 5TH, 6TH, AND 14TH , AMEND., TO THE U.S. CONST. AND ART. 1 §§ 10 & 16 TO THE OHIO CONSTITUTION, ALL VIOLATIVE TO THE APPELLANT (sic) RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL.
>
>**ASSIGNMENT OF ERROR NO. 5:** THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL WHEN APPELLATE COUNSEL FAILED TO RAISE AND PRESERVE AS AN ERROR THE IMPROPER IMPOSITION OF MAXIMUM AND CONSECUTIVE SENTENCES, AND IMPROPERLY ORDERING CONSECUTIVE SENTENCES ON THE ALLIED OFFENSE OF KIDNAPPING VIOLATING THE APPELLANT'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL.

(Return of Writ, Doc.No. 5, Exhibit 21, Case No. 04CA0064, pp. 4-11).

The Ohio Court of Appeals decided the Application for Reopening on the merits.

As to the first omitted assignment, the Court found that trial counsel had not admitted

Petitioner's guilt, but merely that he was present in the area where the victim was attacked. In light of the very strong evidence of this fact, the Court held "trial counsel may have reasonably concluded that it would be foolish to deny Brown's presence at the location of the attack." Trial counsel argued strongly that presence at the scene was not sufficient to prove abduction. Since the concession of presence would have been reasonable trial strategy under the circumstances, it was not ineffective assistance of trial counsel to make the concession and therefore not ineffective assistance of appellate counsel to fail to raise this assignment of error. (Decision and Entry, Ex. 23 to Return of Writ, at 3).

As to the second omitted error, the Court found that the prosecutor had not "overstepped the bounds of proper opening statement and closing argument." *Id*. at 4. Therefore it was not ineffective assistance to fail to object, either at the trial or appellate levels.

As to the third omitted error, the Court found there was no violation of law in not providing Mr. Brown with a copy of the victim impact statement prior to the time when she read it at sentencing. *Id*. at 5. Again, there being no error, there was no ineffective assistance at either level.

As to the fourth omitted error, the Court found the claim was waived by trial counsel's failure to object when the testimony from the suppression hearing of the absent victim, Heather Davis, was admitted at trial. Since the claim had been waived, it was not ineffective assistance to fail to raise it on appeal. *Id*.

As to the fifth omitted error, the Court construed it as making a claim about sentencing on allied offense of similar import. Since that claim had been raised and rejected on direct appeal, the Court held it barred by *res judicata*. *Id*. at 6.

Petitioner appealed to the Ohio Supreme Court, pleading the following Propositions of Law:

-4-

> **PROPOSITION OF LAW NO. 1:** COUNSEL ADMITTED APPELLANT'S GUILT TO JURY.
>
> **PROPOSITION OF LAW NO. 2:** COUNSEL'S FAILURE TO OBJECT TO PROSECUTION'S MISCONDUCT.
>
> **PROPOSITION OF LAW NO. 3:** COUNSEL'S FAILURE TO OBJECT TO NONDISCLOSURE OF VICTIM IMPACT STATEMENT PRIOR TO SENTENCING.
>
> **PROPOSITION OF LAW NO. 4:** APPELLATE COUNSEL'S FAILURE TO ASSIGN AS ERROR THE READING INTO THE RECORD OF TESTIMONY WITHOUT THE BENEFIT OF CONFRONTATION AND EFFECTIVE CROSS EXAMINATION.
>
> **PROPOSITION OF LAW NO. 5:** APPELLANT COUNSEL'S FAILURE TO RECOGNIZE, ARGUE & BRIEF THE FACT THAT THE SENTENCES IMPOSED ARE VOID AS A MATTER OF LAW.

(Exhibit 24, Case No. OSC 06-1546, pp.1-10).

The Ohio Supreme Court declined jurisdiction and Mr. Brown timely filed his Petition in this Court on January 18, 2007 (Doc. No. 1). The State has filed a Return of Writ (Doc. No. 5) and Mr. Brown has responded with a Traverse (Doc. No. 6.)

**Analysis**

**Ground One: Ineffective Assistance of Appellate Counsel**

Petitioner argues four separate claims of ineffective assistance of appellate counsel, all asserting that appellate counsel should have made some claim that trial counsel was ineffective.

The governing standard for effective assistance of counsel is found in *Strickland v.*

*Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct 2464, 91 L. Ed. 2d 144 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th

Cir. 1987).  *See generally* Annotation, 26 ALR Fed 218.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988).  The *Strickland* test applies to appellate counsel.  *Smith v. Robbins*, 528 U.S. 259 (2000); *Burger v. Kemp,* 483 U.S. 776, 107 S. Ct. 3114, 97 L. Ed. 2d 638 (1987).  The attorney need not advance every argument, regardless of merit, urged by the appellant.  *Jones v. Barnes*, 463 U.S. 745, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *See Smith v. Murray*, 477 U.S. 527, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986).  However, failure to raise an issue can amount to ineffective assistance.  *McFarland v. Yukins*, 356 F.3d 688 (6th Cir. 2004), *citing Joshua v. Dewitt,* 341 F.3d 430, 441 (6th Cir. 2003);  *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle,* 171 F.3d 408, 427-29 (6th Cir. 1999).

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions."  *McMeans v. Brigano*, 228 F.3d 674(6th Cir. 2000), citing *Strickland* and *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994).  Counsels' failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal.  *McFarland v. Yukins*, 356 F.3d 688 (6th Cir. 2004), *citing Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001), *cert.*

-7-

*denied,* 535 U.S. 940 (2002). "Counsel's performance is strongly presumed to be effective." *McFarland, quoting Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000)(*citing Strickland*). To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented. *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

As noted in the Return of Writ, under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), a federal habeas court can grant relief on a constitutional claim decided on the merits by a state court only if the state court's decision was objectively unreasonable.

The Supreme Court has recently elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law. See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To these ends, § 2254(d)(1) provides:
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."
>
> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially

> indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409- 410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94, 122 S. Ct. 1843, 1849-50, 152 L. Ed. 2d 914 (2002).

> AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra,* at 405; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam).* A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*

*Brown v. Payton,* 544 U.S. 133, 134 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005).

Petitioner asserts that the Ohio Court of Appeals did not decide his ineffective assistance of appellate counsel claims on the merits. (Traverse, Doc. No. 6, at 6.) However, this Court concludes that it did precisely that as is shown by the summary of its analysis given above in the procedural history.

Petitioner's asserts the Court of Appeals was required to accept the allegations in his Application to Re-Open as true, citing *Peterson v. Teodosio,* 34 Ohio St. 2d (1973). *Peterson* states the standard for deciding a motion for judgment on the pleadings under Ohio R. Civ. P. 12(c) in Ohio trial courts. It simply does not apply to decisions by the Ohio Court of Appeals on an application for re-opening under Ohio App. R. 26. In this case and in all cases under that Rule, the Ohio Courts of Appeals decided the application on the papers filed. In other words, the application and any response by the States are not preliminary "pleadings" as that term is understood in trial court practice, but constitute the entire basis for decision. In fact, a defendant is not entitled to an evidentiary hearing on a 26(B) application and ineffectiveness may not be argued by adding new matter to the record on appeal and then arguing counsel should have raised issues revealed by the added matter. *State v. Hooks*, 92 Ohio St. 3d 83 (2001)**.**

Petitioner also argues that he had an absolute due process right to have the state courts render a merit ruling on his claims. (Traverse, Doc. No. 6, at 7.) There is no such absolute due process right; there is not even a federal constitutional right to direct appeal, much less to reopen a direct appeal. *McKane v. Durston*, 153 U.S. 684, 38 L. Ed. 867, 14 S. Ct. 913 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995). However, whether he had a due process right to it or not, Petitioner did receive a ruling on the merits of his ineffective assistance of appellate counsel claims.

Petitioner's four claims of ineffective assistance of appellate counsel are analyzed separately against these standards.

**Ground 1.1: Admission of Guilt at Trial**

As shown by the trial transcript, Petitioner's trial attorney did not admit his guilt of abduction. Rather, he admitted his presence at the scene of the crime. (Trial Transcript at 534-535). Given that numerous witnesses, including the victim, identified him as being there and no evidence was offered to place him anywhere else, it would have considerably diminished the credibility of trial counsel's closing argument to claim the contrary. It is good strategy in making any argument to concede that portion of one's opponent's position which cannot reasonably be contested. This was clearly a strategic choice by defense counsel and not ineffective assistance. The Court of Appeals decision that failure to claim it was ineffective on appeal did not constitute ineffective assistance of appellate counsel thus was not an objectively unreasonable application of clearly established law decided by the United States Supreme Court. Petitioner's Ground 1.1 is without merit.

**Ground 1.2: Not Objecting to Prosecutorial Misconduct**

The Court of Appeals reached the merits of this claim and held that the prosecutor had not committed misconduct. (Decision and Entry, Ex. 23 to Return of Writ, at 4).

On habeas corpus review, the standard to be applied to claims of prosecutorial misconduct is whether the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process, *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Darden v. Wainwright,* 477 U.S. 168 (1986); *Kincade v. Sparkman*, 175 F.3d 444 (6th Cir. 1999) or whether it was "so

-11-

egregious as to render the entire trial fundamentally unfair." *Cook v. Bordenkircher*, 602 F.2d 117 (6th Cir. 1979); accord *Summitt v. Bordenkircher*, 608 F.2d 247 (6th Cir. 1979), *aff'd sub nom*, *Watkins v. Sowders*, 449 U.S. 341 (1981); *Stumbo v. Seabold*, 704 F.2d 910 (6th Cir. 1983). To decide this question, the court must first decide whether the complained-of conduct was in fact improper. *Frazier v. Huffman*, 343 F.3d 780 (6th Cir. 2003), *citing United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001). A four-factor test is then applicable to any conduct the Court finds inappropriate: "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and whether the evidence against the defendant was strong." *Id.* The court must decide whether the prosecutor's statement likely had a bearing on the outcome of the trial in light of the strength of the competent proof of guilt. *Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982). The court must examine the fairness of the trial, not the culpability of the prosecutor. *Serra v. Michigan Department of Corrections,* 4 F.3d 1348, 1355 (6th Cir. 1993)(quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982). In *Serra*, the Sixth Circuit identified factors to be weighed in considering prosecutorial misconduct:

> In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.

*Id.,* at 1355-56 (quoting *Angel*, 682 F.2d at 608). The misconduct must be so gross as probably to prejudice the defendant. *Prichett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 572 (1997); *United States v. Ashworth,* 836 F.2d 260, 267 (6th Cir. 1988).

Neither in the Petition nor in the Traverse does Petitioner make any argument on the merits

of this claim. Having considered the Court of Appeals opinion, this Court does not find it to be an objectively unreasonable application of clearly established Supreme Court law on the question of whether the prosecutor committed misconduct.  In the absence of such misconduct, it cannot have been ineffective assistance of trial counsel to fail to object nor ineffective assistance of appellate counsel to have failed to appeal.

### Ground 1.3: Victim Impact Statement

Petitioner's claim here is that it was ineffective assistance of appellate counsel to fail to assert that trial counsel was ineffective for failure to object to the State's failure to provide a copy of the victim impact statement in writing before sentencing.  As noted above, the Court of Appeals decided this claim by holding that there is no right to such a statement prior to the sentencing hearing.  In neither the Petition nor the Traverse does Mr. Brown cite any United States Supreme Court law which recognizes the right he claims.  *A fortiori*, it cannot have been objectively unreasonable for the Court of Appeals to fail to recognize such a right, much less that failure to assert it constituted ineffective assistance at both the trial and appellate levels.

### Ground 1.4: Failure to Object to Admission of Prior Testimony

Petitioner is correct in asserting that his trial attorney did not object during trial when the testimony of the missing victim from the suppression hearing was read into evidence, although he had attempted to exclude that evidence, on the Confrontation Clause grounds now asserted, in a motion in limine proceeding.

As is plain from the Court of Appeals decision, Petitioner's trial counsel did not "miss" the Confrontation Clause issue. Rather, he argued it strongly on the State's motion in limine and obtained the trial judge's ruling on the matter. Petitioner has offered no argument on the merits which suggests that, had the objection been renewed, it would have been more favorably received during trial than it was on the motion in limine. In other words, Petitioner has not shown any prejudice from his counsels' failure to renew the objection. If there was no ineffective assistance of trial counsel, there cannot have been any ineffective assistance of appellate counsel on this point.

### Ground Two

Petitioner's second ground for relief, as pleaded in this Court, is that his sentence is void because the trial judge relied on factfinding to enhance the sentence and the relevant facts were not found by a jury as required by *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004).

Respondent asserts Petitioner has defaulted on this claim because it was not made at all in the state courts. Petitioner responds that he "raised his *Blakely* claim in a timely motion to reopen

-14-

his appeal in the Montgomery County Court of Appeals and timely appealed from this denial to the Ohio Supreme Court. . . ." (Traverse, Doc. No. 6, at 9). There is, however, a critical difference between a direct claim that one's sentence is unconstitutional under *Blakely* and a claim that one's appellate attorney was ineffective for failure to raise a *Blakely* claim on direct appeal. Both the Ohio Supreme Court and the Sixth Circuit Court of Appeals have held that an ineffective assistance of appellate counsel claim made under Ohio R. App. P. 26 does not resurrect or preserve for federal habeas the underlying constitutional claims which one asserts the appellate attorney should have made. *State v. Reddick* 72 Ohio St.3d 88, 90-91, 1995-Ohio-249, 647 N.E.2d 784 (1995); *Roberts v. Carter,* 337 F.3d 609 (6th Cir. 2003)("In light of the requirements of Rule 26(B), the [appellate] court's holding must be read as pertaining to the merits' of [petitioner's] ineffective assistance of appellate counsel claim, not his state procedural rule claim."); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

Moreover, the Montgomery County Court of Appeals did not read Mr. Brown's Fifth Omitted Assignment of Error as raising a *Blakely* claim at all, but rather as raising a claim that the kidnaping and robbery convictions were allied offenses of similar import under Ohio Revised Code § 2945.71 on which there should not have been consecutive sentences as a matter of Ohio state law. It concluded that that claim had been raised on direct appeal and was therefore barred by the Ohio doctrine of *res judicata* in criminal cases. (Decision and Entry, Ex. 23 to Return of Writ, Doc. No. 5, at 6.) While Mr. Brown cites *Blakely* and *Apprendi* in his Rule 26 Application, he does not make any assertion about what it is that the trial court did which allegedly violated the principles recognized in those cases and he goes on to make the explicit claim about robbery and kidnaping being allied offenses of similar import.

-15-

Mr. Brown does not raise the allied offenses of similar import claim in this Court. Even had he done so, this Court could not grant habeas relief on that basis, because it is a claim arising solely under state law and federal habeas courts can only grant relief on the basis of constitutional claims. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982), *Barclay v. Florida,* 463 U.S. 939, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983). It could be a denial of effective assistance of appellate counsel, which is a federal constitutional claim, to fail to raise a "dead bang winner" state law claim, but the allied offenses of similar import was not such a claim and it had in any event been raised on direct appeal. Because it is not raised by Mr. Brown, no further analysis of the allied offenses of similar import claim is given here.

The most generous way to read Mr. Brown's Application for Reopening is to see his Fifth Omitted Assignment of Error as raising two ineffective assistance of appellate counsel claims, the first under *Blakely* and the second being the allied offenses claim. If one reads the Application that way, then the Montgomery County Court of Appeals did not rule on the *Blakely* ineffectiveness claim and it remains for this Court to do so.

The question, then, is how strong the *Blakely* claim would have been had it been made on direct appeal. The *Blakely* decision was handed down on June 24, 2004, and Mr. Brown was not sentenced until August 24, 2004, so there is no question about retroactive application.

Respondent argues that, had the *Blakely* claim been made on direct appeal, it would have been held waived because not raised at sentencing. Under Ohio law, a *Blakely* challenge is waived if it is not raised by a defendant at sentencing, when the defendant was sentenced after Blakely was decided. *State v. Frazier,* 2007 Ohio App. LEXIS 6, at \*\*24(Franklin County 2007); *State v.*

*Draughon*, 2006 Ohio App. LEXIS 2290, at **4-7 (Franklin County 2006). Petitioner makes no response to this argument in his Traverse. This Court has no reason to doubt that this rule would have been enforced against Petitioner had the *Blakely* claim been made for the first time on direct appeal. Any competent appellate counsel who had researched the *Blakely* issue would have found it was barred by failure to raise it below and thus it was not ineffective assistance of counsel to fail to make this assignment of error on direct appeal.

Even if we assume that the waiver rule would not have been applied, Petitioner cannot prevail on an ineffective assistance of appellate counsel claim without showing prejudice. *Blakely* error is not structural error; it is rather subject to harmless error analysis. *Washington v. Recuenco*, 548 U.S. ___, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006). The Court concludes that any *Blakely* error committed in this case in the trial court was harmless because of the Ohio Supreme Court decision in *State v. Foster*, 109 Ohio St. 3d 1 (2006). In that case, the court held that *Blakely* renders unconstitutional the Ohio sentencing scheme under which Mr. Brown was sentenced, but held that the unconstitutional portions of the sentencing scheme could be severed from the remainder of the criminal code. The effect is that the judicial factfinding made in this case to subject Petitioner to consecutive sentences becomes surplusage; neither the trial judge nor a jury needs to make any of the sorts of findings to impose a maximum or consecutive sentence.

Petitioner's argument in his Traverse is that because these findings were made by the judge and not the jury, he has been implicitly acquitted of the enhancing elements and cannot be convicted of them again. That misses the point of *Foster*. After *Foster* there is no need for finding the enhancing elements to impose maximum or consecutive sentences. And in any event, Petitioner's Double Jeopardy argument is not well taken: reversal of a conviction on grounds other than

insufficient evidence does not prevent retrial under the Double Jeopardy Clause.

Instead of the remedy Petitioner suggests is required – reduction of his sentence to three years under Ohio Revised Code § 2929.14 – the effect of granting the writ would either be to give him a new appeal with the *Blakely* claim included or to remand the case for sentencing, whereupon the trial judge could reimpose the same sentence originally imposed without making any enhancement findings. Because that would have been the very likely result of a reversal on direct appeal, there was no ineffective assistance of appellate counsel in failure to raise the *Blakely* claim and Petitioner's second ground for relief is without merit.

## Conclusion

For the reasons given above, the Petition should be dismissed with prejudice. However, because the decision on Ground Two is based on very recent law, the Magistrate Judge recommends that Petitioner should be granted a certificate of appealability on that ground if requested, but not on ground one.

May 24, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C),

or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).