# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEFFREY A. BROWN,

    Petitioner,
:

Case No. 3:07-cv-022

-vs-
:

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

ERNIE L. MOORE, Warden,

    Respondent.
:

## SUPPLEMENT TO AMENDED REPORT AND RECOMMENDATIONS

This habeas corpus action pursuant under 28 U.S.C. §2254 is before the Court on Petitioner's Objections (Doc. No. 12) to the Magistrate Judge's Amended Report and Recommendations (Doc. No. 11, the "Report"), recommending dismissal of the Petition with prejudice. The General Order of Reference for the Dayton location of court permits the Magistrate Judges to reconsider decisions or reports and recommendations when objections are filed.

Petitioner pled three grounds for relief but objects only to the recommended disposition of Grounds One and Two.

### Ground One: Ineffective Assistance of Appellate Counsel

In his First Ground for Relief, Petitioner argued four separate claims of ineffective assistance of appellate counsel, all asserting that appellate counsel should have made some claim that trial

-1-

counsel was ineffective. Petitioner had made a claim of ineffective assistance of appellate counsel in the state court system in the only way such a claim may properly be made in Ohio: by filing an application to reopen the direct appeal under Ohio App. R. 26(B).

The Report concluded the Ohio Court of Appeals had decided Petitioner's 26(B) Application "on the merits." (Report, Doc. No. 11, at 4.) Petitioner objects to that conclusion, arguing that if the Application had been decided on the merits, the appeals court would have been obliged under Ohio R. App. P. 26(B)(6) to have appointed counsel to argue the merits. That Rule reads:

> If the court denies the application, it shall state in the entry the reasons for denial. If it grants the application, it shall do both of the following:
>
> (a)  appoint counsel to represent the applicant if the applicant is indigent and not currently represented;
>
> (b)  impose conditions, if any, necessary to preserve the status quo during pendency of the reopened appeal.

What the Ohio Court of Appeals did was to deny the application "on the merits," i.e., by concluding that Petitioner had not shown ineffective assistance of appellate counsel. "On the merits" in the Report means deciding on the merits of the ineffective assistance of appellate counsel claim, rather than denying or dismissing the application for some procedural reason, e.g., because it was not filed on time. Under Ohio R. App. P. 26(B)(6), the Court of Appeals would have appointed counsel only if it had found Petitioner had shown ineffective assistance of appellate counsel and thus was entitled to have his direct appeal reopened.

Most of Petitioner's objection on Ground One is based on his theory that the Court of Appeals did not decide his 26(B) Application on the merits and that its decision is therefore not entitled to deference under 28 U.S.C. §2254(d). To the contrary, because that court did decide the

merits of one of Petitioner's constitutional claims – ineffective assistance of appellate counsel – its decision on that claim is entitled to deference. *See, e.g., Brown v. Payton,* 544 U.S. 133 (2005). Because Petitioner has not demonstrated that the Court of Appeals' decision on his ineffective assistance of appellate counsel claim was contrary to or an objectively unreasonable application of clearly established federal law, this Court may not overturn that decision.

Petitioner also objects that both the Court of Appeals and the Magistrate Judge "considered each one of Petitioner['s] underlying claims contained in ground one individually, but failed to determine whether under the 'cumulative effect' doctrine counsel could be considered to have been ineffective at trial and on the direct appeal." (Objections, Doc. No. 12, at 4.)

First of all, there is no such cumulative effect doctrine. "We have held that, post-AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief." *Moore v. Parker*, 425 F.3d 250, (6th Cir. 2005), citing *Scott v. Elo*, 302 F.3d 598, 607 (6th Cir. 2002); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002).

Secondly, there are in this case no individual errors to accumulate: both the Court of Appeals and this Court have rejected each of the underlying claims. Adding together four claims without merit does not produce somehow a claim with merit.

## Ground Two: *Blakely* Violation

Petitioner's second ground for relief, as pleaded in this Court, is that his sentence is void because the trial judge relied on factfinding to enhance the sentence and the relevant facts were not found by a jury as required by *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d

403 (2004). Respondent pled that this claim had been procedurally defaulted and Petitioner responded that he had raised it in his Ohio App. R. Rule 26(B) Application.

The Report concluded that the *Blakely* claim was defaulted because Petitioner was sentenced after *Blakely* was handed down, but his trial attorney made no *Blakely* claim. (Report, Doc. No. 11, at 17.) Petitioner objects that *Blakely* did not become the law in Ohio until the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St. 3d 1 (2006) (Objections, Doc. No. 11, at 5.) However, *Blakely* is a decision on a point of constitutional law made by the United States Supreme Court and therefore immediately applicable in every court in the land upon its announcement by the United States Supreme Court; its applicability to Petitioner's case does not depend somehow on its being "received" or "recognized" by the Ohio Supreme Court.

Petitioner also notes that the defendant in *Foster* was held not to have waived his *Blakely* claim when he did not raise it in the trial court (Objections, Doc. No. 11, at 5). That is true but irrelevant because Foster was sentenced **before** *Blakely* was decided and "*Foster* could not have relinquished his sentencing objections as a known right when no one could have predicted that *Blakely* would extend the *Apprendi* doctrine to redefine "statutory maximum." *Foster*, 109 Ohio St. 3d at 11. Petitioner here was sentenced after *Blakely*, not before.

Petitioner objects that he has claimed, since he filed his 26(B) application, that his trial attorney was ineffective for failing to make a *Blakely* claim and his appellate attorney was ineffective for failure to claim his trial attorney was ineffective on this basis. For the reasons given above as to the first ground for relief, this Court is bound to defer to the Court of Appeals decision that Petitioner did not receive ineffective assistance of appellate counsel in this regard.

Petitioner objects finally to the Report's harmless error analysis. In doing so, he cites many

-4-

cases applying harmless error on direct appeal in the federal system, i.e., direct appeals to the circuit courts from the district courts on trials held or pleas taken in the district courts. Constitutional error in a habeas case is not required to be harmless beyond a reasonable doubt. Rather, error is harmless if the habeas court is satisfied it did not have a substantial and injurious effect or influence in determining the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993), adopting standard from *Kotteakos v. United States*, 328 U.S. 750, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946). *Brecht* applies post-AEDPA "whether or not the state appellate court recognized the error and reviewed it for harmlessness under the "harmless beyond a reasonable doubt" standard set forth in *Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705" *Fry v. Pliler*, ___ U.S. ___, 127 S. Ct. 2321, 168 L. Ed. 2d 16 (2007). Thus the harmlessness analysis in the Report is not based, as Petitioner asserts, on an "assumed certainty" that the trial judge would impose the same sentence on remand. Rather, the Magistrate Judge is satisfied that the *Blakely* error did not have a substantial and injurious effect on the sentence: a trial judge who believes a sentence is justified but must demonstrate that justification is unlikely to impose a lesser sentence when he or she is not required to demonstrate the justification.

## Request for Relief

Petitioner asserts that once this Court decides there was a *Blakely* violation, it should not remand the case to the state trial court for resentencing, but enter final judgment itself. His theory is that the only proper judgment in the case is the minimum sentence provided by Ohio Revised Code § 2929.14 in the absence of enhancing facts because the Ohio Supreme Court in *Foster, supra*,

held that judicial findings on those facts were unconstitutional under *Blakely*. He argues that to allow the trial court judge to impose a more than minimum sentence without the enhancing facts would be to increase the punishment available for an offense well after the offense was committed, in violation of the *Ex Post Facto* Clause. Conversely, to allow the State to prove those enhancing facts now would violate the Double Jeopardy Clause because there has already been a trial at which those facts were not proved.

This argument on relief proceeds on a contrary assumption to the premise underlying Petitioner's harmlessness argument. That is, it assumes the trial judge would impose the same sentence as he imposed before, whereas the harmlessness argument tells this Court we cannot make that assumption.

Because Petitioner is not entitled to relief, the Court need not decide what form of relief would be appropriate if relief were to be granted.

## Conclusion

It is therefore again recommended that the Petition be dismissed with prejudice.

July 18, 2007.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).