**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JEFFREY A. BROWN,

Petitioner, : Case No. 3:07-cv-022

-vs- : District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

ERNIE L. MOORE, Warden,

Respondent. :

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus action pursuant under 28 U.S.C. §2254 is before the Court on Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(4) and (6) (Doc. No. 17).

A state prisoner may not file a second or successive habeas corpus petition without prior approval by the Court of Appeals. 28 U.S.C. § 2244(b). A motion for relief from judgment under Fed. R. Civ. P. 60(b) may not be used as a subterfuge for avoiding the restrictions of § 2244(b).

In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005), the Supreme Court held that a Rule 60(b) motion presents a "claim" – and is therefore barred by § 2244 without precertification by the Court of Appeals – if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' integrity. *Gonzalez* involved an attack on the district court's prior statute of limitations decision on the basis of later Supreme Court law (*Artuz*). The Court held this was a proper use of Rule 60(b) and the district court could reach

the motion on the merits without precertification by the court of appeals. However, movants under 60(b)(6) must show "extraordinary circumstances" which will rarely occur in the habeas context and which are not presented by a change of law. *Id*.

In the instant Motion, Petitioner asserts that the state trial court judgment pursuant to which he is incarcerated is void for lack of subject matter jurisdiction, *citing State v. Cimpritz*, 185 Ohio St. 490, 491, 110 N.E.2d 416, 417 (1953), which held that an charging instrument which does not state an offense fails to convey jurisdiction under Ohio law. In his original petition as amended, Mr. Brown presented three grounds for relief, to wit,

1. Ineffective assistance of appellate counsel for failing to claim ineffective assistance of trial counsel in four instances;
2. The state sentence is void under *Blakely v.Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004)., because it depends on findings of fact by the state judge without a jury determination and without proof beyond a reasonable doubt.
3. Ineffective assistance of appellate counsel for failing to assign as error the misjoinder of offenses for trial and the illegal consecutive and maximum sentence of ten years for kidnapping.

Thus the claim that the state trial court lacked jurisdiction was not made in the original Petition or the amendment and constitutes a new claim for the invalidity of the conviction. As such it may not be heard by this Court without prior approval by the Sixth Circuit Court of Appeals which Petitioner had not obtained.

There is, however, another aspect to the instant Motion: Petitioner asserts that this Court's prior judgment was in error because "the court failed as an initial matter to determine whether or not

the State court had jurisdiction of the subject matter [sentence] in this matter." (Motion, Doc. No. 17, at 2.) Viewed from this perspective, the instant Motion is an attack on the integrity of this Court's prior proceeding, which is a proper subject for a Rule 60(b) motion in a habeas corpus case under *Gonzalez*.

Although it is proper to raise that question in a Rule 60(b) motion, Petitioner is not entitled to prevail on that question. He relies on the following from *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83 (1998):

> Every federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it. *Mitchell v. Maurer*, 293 U.S. 237, 244, 79 L. Ed. 338, 55 S. Ct. 162 (1934). See *Juidice v. Vail*, 430 U.S. 327, 331-332, 51 L. Ed. 2d 376, 97 S. Ct. 1211 (1977) (standing). 'And if the record discloses that the lower court was without jurisdiction this court will notice the defect, although the parties make no contention concerning it. [When the lower federal court] lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.' *United States v. Corrick*, 298 U.S. 435, 440, 80 L. Ed. 1263, 56 S. Ct. 829 (1936) (footnotes omitted)." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 137 L. Ed. 2d 170, 117 S. Ct. 1055, 1997 U.S. LEXIS 1455, *55 (1997), quoting from *Bender v. Williamsport Area School Dist*., 475 U.S. 534, 541, 89 L. Ed. 2d 501, 106 S. Ct. 1326 (1986) (brackets in original).

523 U.S. at 95.

The proposition of law from *Steel Company* is completely consistent with long-standing principles for federal jurisdiction. Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated.

*Turner v. President, Directors and Co. of the Bank of North America*, 4 U.S. 8, 4 Dall. 8, 1 L. Ed. 718 (1799). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte*. *Ford v. Hamilton Inv. Co.*, 29 F.3d 255, 257 (6th Cir. 1994); *In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450 (6th Cir. 1997); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992); *Mansfield, C. & L M. Ry. v. Swan*, 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2, 101 S. Ct. 764, 770, n.2, 66 L. Ed. 2d 722 (1981).

The difficulty with Petitioner's logic is that it assumes a federal district court is sitting as an appellate court with respect to state court judgments being reviewed in habeas corpus. But we are not. And there is no case law known to this Court which holds that we are obliged to consider, *sua sponte*, whether or not the state trial court had jurisdiction before we proceed to consider the merits of a habeas corpus petition. Rather, the exercise of habeas jurisdiction depends upon there being a person in custody within the territory of our Court who is confined on a conviction which he or she claims is in violation of the United States Constitution. That is precisely the claim Petitioner made here and this Court therefore had subject matter jurisdiction to decide his claims. Indeed, it would have had jurisdiction to decide his claim that the convicting state court lacked subject matter jurisdiction, but Petitioner did not raise that claim until after judgment.

It is accordingly respectfully recommended that Petitioner's Motion for Relief from Judgment be denied. Because reasonable jurists would not disagree with the conclusions reached in this

Report, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

February 21, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).